UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY AND AS SUCCESSOR TO ROYAL INSURANCE COMPANY OF AMERICA,

                Plaintiff,

v.

THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, ROMANO FERRARO, ST. JOSEPH PATRON OF THE UNIVERSAL CHURCH, ST. MICHAEL'S CHURCH, AMERICAN MARTYRS PARISH, CATHEDRAL PREPARATORY SCHOOL, OUR LADY OF THE CENACLE, ST. GABRIEL AT MARY OF THE MOTHER, OUR LADY OF THE PEACE CHURCH, ST. THOMAS AQUINAS, HOLY FAMILY, ST. ROSE OF LIMA R.C.C., ST. FRANCIS OF ASSISI, NAZARETH HIGH SCHOOL, ST. ROSALIA – BASILICA OF REGINA PACIS, ST. LUCY'S PARISH, ST. FRANCIS XAVIER, ST. ALOYSIUS, ST. PETER- ST. PAUL OUR LADY OF PILAR, ST. PATRICK'S R.C.C., OUR LADY OF FATIMA, ST. JOSEPH THE WORKER, OUR LADY OF THE SOLACE SHRINE PARISH, OUR LADY OF GUADALUPE, HOLY TRINITY PARISH, ST. LUKE AND ST. MATTHEW CHURCH, ST. MARGARET OF SCOTLAND CHURCH, IMMACULATE CONCEPTION OF THE BLESSED VIRGIN MARY, OUR LADY OF THE MIRACULOUS MEDAL, ST. JOHN'S HOME FOR BOYS, ST. BARTHOLOMEW SCHOOL, and ST. BONIFACE R.C.C.,

                Defendants.

**MEMORANDUM AND ORDER**
20-CV-6281 (LDH) (TAM)

---

LaSHANN DeARCY HALL, United States District Judge:

    Arrowood Indemnity Company, f/k/a Royal Indemnity Co., and as successor to Royal Insurance Company of America ("Plaintiff"), brings this action against the Roman Catholic Diocese of Brooklyn, New York (the "Diocese"), and 30 related entities (together with the

Diocese, "Defendants"), seeking a declaratory judgment that Plaintiff has no duty to: defend or indemnify Defendants for actions alleging abuse by Father Romano Ferraro (Count 1); defend or indemnify Defendants for underlying actions regarding other abusive priests previously known to Defendants (Count 2); defend or indemnify Defendants in actions where Defendants have breached their duty to cooperate (Count 3); or defend or indemnify affiliated entities who are not insured under the insurance policies (Count 4). Plaintiff also seeks a declaratory judgment that: it is entitled to reimbursement from the Diocese for defense costs incurred in any actions it has no duty to defend (Count 5); it has no duty to defend or indemnify Defendants for actions "to the extent" Defendants did not provide Plaintiff with timely notice as required under the terms of its insurance policies (Count 6); and, to the extent Plaintiff is obligated to defend or indemnify Defendants, that Plaintiff only be required to pay its share of defense costs or indemnity (Count 7). Defendants move to stay Plaintiff's claims until the underlying lawsuits implicating their insurance policies with Defendants are resolved, and move in the alternative to dismiss Count Six of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND[2]

Arrowood Indemnity Company is an insurer that issued "a series of primary policies" and a series of "excess policies" to the Roman Catholic Diocese of Brooklyn. (Am. Compl. ¶ 2, ECF No. 26.) Plaintiff has been unable to locate the insurance policies governing its relationship with the Diocese. (*Id.* ¶¶ 63–65.) However, Plaintiff alleges, upon information and belief, that the

---

[1] By letter dated June 1, 2022, Defendants represented that they would not seek to dismiss Counts 1 through 5 or Count 7. (*See* Defs.' June 1, 2022 Ltr., ECF No. 28.)

[2] The following facts taken from the amended complaint (ECF No. 26) are assumed to be true for the purpose of deciding the instant motion.

policies contained the following terms, based on the standard policy used at the time it insured the Diocese:[3]

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: . . . [bodily injury] or [property damage] . . . to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

(*Id*. ¶ 67 (emphases omitted).)  In short, under the policy, Plaintiff is required to defend and indemnify the Diocese and its affiliates for "all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . caused by an occurrence[.]" (*Id*.) But, according to the complaint, while the policy terms allow coverage for "occurrences," they do not include incidents known by Defendants "to be certain or substantially certain to occur," and where the resulting injuries were expected, intended, or otherwise not fortuitous. (*See, e.g.*, *id*. ¶ 7.)

Since 2019, the Diocese and its affiliated entities have been named as defendants in over 500 actions (the "Underlying Actions") concerning allegations of sexual abuse against children brought under the New York Child Victims Act. (*Id.* ¶ 53.)  As a result, the Diocese has requested that Plaintiff provide defense and indemnity coverage for actions alleging sexual abuse by clergy or other individuals over whom the Diocese exercised control. (*Id.* ¶ 55.)  Subject to a single reservation, Plaintiff is currently defending Defendants in every suit alleging abuse during the policy periods. (*Id.* ¶ 56.)

---

[3] The complaint does not identify the periods during which Plaintiff insured Defendants.

With respect to the Underlying Actions, Plaintiff alleges that Defendants have failed to respond to hundreds of requests for information, many of which have been outstanding for more than a year. (*Id.* ¶¶ 57–59.) Moreover, the Diocese has stated publicly that it created a list of clergy against whom it received allegations of sexual abuse, and that an "investigation was undertaken into each and every allegation of abuse made against each respective priest to determine the veracity of the allegations." (*Id.* ¶ 62.) Despite having collected this information, the Diocese has failed to provide it to Plaintiff. (*Id.*) Further, the Diocese responded to a subpoena by the New York Attorney General's office in connection with that office's ongoing investigation into clergy abuse in New York State but has refused to make the information it provided to the Attorney General available to Plaintiff. (*Id.* ¶ 61.) As a result of Defendants' failure to respond to Plaintiff's inquiries, Plaintiff has been unable to adequately investigate the Underlying Actions. (*Id.* ¶ 88.)

## DISCUSSION

### I. Motion to Stay

Defendants request that the Court stay Plaintiff's indemnity-based claims for declaratory judgment until the Underlying Actions are litigated. (*See* Defendants' Mot. Dismiss First Am. Compl. ("Defs.' Mot."), ECF No. 29.) As Defendants' argument goes, a determination of liability on Plaintiff's indemnity claims necessarily requires the Court to make findings with respect to issues being litigated in the Underlying Actions. (*See* Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") at 23–24, ECF No. 21-1.) As such, according to Defendants, resolution of Plaintiff's indemnity claims at this point would be premature. (*See id.* at 25.) The Court agrees.

The Court's power to stay a proceeding is a discretionary one, "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). A party seeking a stay bears the burden of proving its need, and "absent a showing of undue prejudice upon defendant or interference with [its] constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Hicks v. City of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (internal quotation marks and citation omitted). In the insurance context, "it has [ ] been well-established . . . that a liability insurer may bring an action for a declaratory judgment against the parties in an underlying lawsuit involving its insured without waiting for the underlying action to proceed to judgment." *Empire Fire & Marine Ins. Co. v. Elrac, Inc.*, No. 04 Civ. 10315, 2006 WL 3734308, at *2 (S.D.N.Y. Dec. 18, 2006) (citation omitted).

However, where the policy includes an obligation to defend, as the policy here does, "if there is a doubt as to whether the claim comes within the insurer's duty to indemnify, the insurer is generally required to furnish a defense, leaving the issue of indemnification to be settled after establishment of the insured's liability." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995) (citing *Seaboard Sur. Co. v. Gillette Co.*, 476 N.E.2d 272, 274–75). Moreover, as Defendants correctly point out, courts often stay declaratory judgment actions concerning indemnification, or even decline to exercise jurisdiction altogether, when issues raised in the actions before them either turn on, or would be resolved in part by, determinations of liability yet to be made in the parallel proceedings. *See, e.g.*, *Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x 599, 604 (2d Cir. 2012) ("As the district court noted, the

5

declaratory judgment action and the State Actions have numerous unresolved issues in common, including whether the [d]efendants were negligent or breached fiduciary or contractual obligations. As a result, the district court did not abuse its discretion in dismissing as premature the indemnification portion of [plaintiff's] declaratory judgment action.").

Here, Plaintiff's indemnification claims turn on, among other things, whether the term "occurrence" includes actions foreseeable to Defendants, and, if so, whether abuse by the clergy alleged in the Underlying Actions was foreseeable to Defendants, and when. As alleged by Plaintiff, the Diocese and its affiliated entities are named in hundreds of lawsuits and are under investigation by the New York Attorney General concerning child sexual abuse. Each of these separate disputes will likely require a determination of what the Diocese and its affiliated entities knew and when. Absent a stay, there is a risk of inconsistent factual determinations between the Underlying Actions and the instant action. Moreover, there is a risk that any factual or legal determinations could impact Defendants' liability in the Underlying Actions. Accordingly, considering the overlap in factual issues between this action and the Underlying Actions, a stay of Plaintiff's indemnity claims pending resolution of the Underlying Actions is appropriate. *See, e.g.*, *Specialty Nat'l Ins. Co. v. Eng. Brothers Funeral Home*, 606 F. Supp. 2d 466, 472 (S.D.N.Y. 2009) (finding declaratory judgment action to be premature where "the issue of [the insurer's] duty to indemnify [the insured] rests on facts to be determined in each of the underlying lawsuits").

In an effort to persuade the Court to conclude otherwise, Plaintiff directs the Court to *Federal Insurance Company v. SafeNet, Inc.*, 758 F. Supp. 2d 251 (S.D.N.Y. 2010). The Court notes that Plaintiff incorrectly cites *SafeNet* as a decision from the Second Circuit. It is not, and is thus not binding on this Court. In any event, while the *SafeNet* court denied the defendant's

6

motion to stay pending the outcome of a related class action, that was because the class action had already resolved through settlement. *Id*. at 264. The same cannot be said of the Underlying Actions in the present case, which are ongoing. As such, *SafeNet* is inapposite—at least as far as a stay is concerned—and Plaintiff offers no other authority in support of its position.

By contrast, the Court finds persuasive two cases cited by Defendants: *Federal Insurance Company v. Weinstein*, No. 18 Civ. 2526, 2019 WL 1407455 (S.D.N.Y. Mar. 28, 2019), and *Lafarge Canada Inc. v. American Home Assurance Company*, No. 15-CV-8957, 2018 WL 1634135 (S.D.N.Y. Mar. 31, 2018). In *Weinstein*, the insurer for Harvey Weinstein and his companies sought a declaratory action stating that it had no obligation to defend or indemnify Weinstein in any of the civil and criminal cases pending against him. *Weinstein*, 2019 WL 1407455, at *2. Weinstein moved to stay the action pending resolution of the underlying cases. The court granted the stay as to the duty to indemnify claims, but not the duty to defend. *Id.* at *3. With respect to the duty to indemnify claims, the court observed that "courts considering actions for declaratory relief have generally declined to rule on the issue of indemnity until resolution of the underlying liability claim." *Id.* at *4 (internal quotation marks and citations omitted). The court reasoned that this is so because "a duty to indemnify cannot be triggered by the mere possibility of coverage; rather, it is triggered by an independent factual finding that the insured's liability is within the coverage provided by the policy." *Id.* (internal quotation marks and citation omitted). Accordingly, the court exercised its discretion to stay the indemnity claims pending resolution of the liability claims.

*Lafarge* is particularly useful to the Court's analysis, as it is virtually indistinguishable from the instant case. There, an insurer brought a declaratory judgment action with respect to its duty to defend and indemnify the insured against 240 lawsuits in a Canadian mass tort litigation.

7

*See* 2018 WL 1634135, at *1. Similar to the policies at issue in the instant suit, the resolution of the claims in *LaFarge* required consideration of what damages were "expected" or "intended" under the policy. *Id.* at *3. In other words, the insurer's duty indemnify was contingent on whether, and when, the insured anticipated the related tort claims. *See id.* The court therefore stayed the action, finding that there were "overlapping issues of law and fact" between the Canadian action and the indemnity claims before the court. *Id.* at *8. The same is true here, where a resolution of Plaintiff's indemnity claims necessarily requires a determination of facts that are currently being litigated in the Underlying Actions. Accordingly, Defendants' motion to stay Plaintiff's indemnity claims is granted.

## II.   Count Six

Through Count Six, Plaintiff seeks a declaration that it has no duty to defend or indemnify Defendants for actions "to the extent" Defendants failed to timely inform Plaintiff of known abusers at the time Defendants learned of the abuse. (Am. Compl ¶¶ 237–41.) Defendants move to dismiss this count, arguing that it is deficiently pleaded because Plaintiff did not include with its amended complaint a list of the Underlying Actions of which Plaintiff contends it did not receive timely notice. (Defs.' June 1, 2022 Ltr. at 1–2, ECF No. 28.) Defendants are wrong. Appended to the amended complaint is a list of all Underlying Actions at issue in this matter, at least some of which overlap with the actions implicated in Count Six. (*See* App'x 1, Am. Compl., ECF No. 26-1.) At the pleading stage, no more is required. That Plaintiff has not specifically identified which of the Underlying Actions are implicated by Count Six does not alter the Court's conclusion. (*See* Defs.' June 1, 2022 Ltr. at 2.) The list of Underlying Actions included in the amended complaint subsumes the list of actions specific to Count Six. Where, as here, a complaint sufficiently "gives fair notice of what the plaintiff's

8

claim is and the grounds upon which it rests," it falls upon Rule 8's "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Phelps v. Kapnolas,* 308 F.3d 180, 186 (2d Cir. 2002) (internal quotation marks and citation omitted). In other words, determining which Underlying Actions are distinct to Count Six will require discovery on the question of what the Diocese knew, and when.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay Plaintiff's indemnity claims is GRANTED. Defendants' motion to dismiss Count Six is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge